† MEISSNER v. MEISSNER.

**1. POWER OF THE COURTS TO MODIFY A DECREE OF ALIMONY.**

It seems to be the established doctrine in this state, that so far as a decree of alimony is concerned, the courts have power, not to change the original order upon the facts that existed at the time the order was made, but to modify it upon any changed conditions occurring after the original decree, which would authorize the court to interfere.

**2. COURSE TO PURSUE IN MODIFYING A DECREE OF ALIMONY.**

The proper course for a party to take, who seeks to have an alimony decree modified, is to file his petition in the common pleas court, in which he asks to have the decree modified for reasons that have arisen since the rendition of the original decree, and such party must join all the proper parties to such proceeding and have the case heard in the common pleas court.

APPEAL from the Court of Common Pleas of Lucas county.

HAYNES, J.

Mrs. Anna Meissner has filed a petition for divorce and alimony against Adam Meissner in the court of common pleas, and a divorce was granted and alimony was allowed, and thereupon the defendant, Adam Meissner appealed to the circuit court upon the question of alimony. The matter came up in the circuit court upon application for alimony *pendente lite*, and alimony was allowed. Afterwards a final judgment entry was made by consent of the parties, which was substantially the same entry as that made in regard to alimony by the court of common pleas. The substance of it was that the plaintiff was to have allowed her $1,500 in alimony, payable in installments at certain times. Subsequently Anna Meissner died, leaving a portion of the alimony unpaid, and it is claimed that she has assigned that alimony to her daughter, Emma Bergman. Now the defendant, Adam Meissner, comes into court by his attorney, and moves to redocket the case, and to have Emma Bergman made a party to the suit, to the end that he may have modification of the original decree. The motion reads:

"Now comes the defendant, by James E. Pilliod, his attorney, and moves the court for leave to file a supplemental answer and cross-petition in said cause, and to make one Emma Bergman party to said cause."

The motion brings up an interesting question of practice. We have heard counsel upon the subject, and we have ourselves given the matter quite full attention. Counsel for the motion cited several cases in Ohio in regard to the rights of the parties, to wit: 15 Ohio St., 427; 28 Ohio St., 596; 43 Ohio St., 499; 45 Ohio St., 462; 38 Ohio St., 370; and it seems to be the established doctrine in this state, that so far as a decree of alimony is concerned, the courts have power, not to change the original order upon the facts that existed at the time the order was made, but to modify it upon any changed conditions occurring after the original decree, which would authorize the court to interfere. The query is, how shall the question be raised? In this case the decree was entered here, and a mandate was issued to the court of common pleas to carry that decree into effect. Counsel for plaintiff assumes that this matter is one in

† See also ante, 225.

which this court has a continuing jurisdiction, and that he has a right to come in by motion, and ask to have the case reinstated, and a right to file his answer or cross-petition in this court, to have this court modify its original decree. On the other hand, it is contended that if any action can be taken, it must be by a pleading filed in the court of common pleas—an original petition—for the modifying of that decree for reasons that have arisen since the trial of the case in this court.

We think, upon a full discussion of the question, that the better opinion is that the defendant ought to file his petition in the court of common pleas, make the proper parties, and have the case heard there; but we have concluded in order to save the rights of the parties and that no injustice may be done by reason of any action of our own, to grant the motion to redocket the cause, and to file an answer and cross-petition making Emma Bergman a party, but with the statement that we shall not hear the cross-petition or act upon it until such time as he has filed a petition in the court of common pleas, and pressed the case to final conclusion. If it then shall appear by the decision in that case that that is not the proper course to pursue, and that the hearing should be had in the circuit court, then we will be prepared to take up and dispose of the cross-petition in this court.

We do not pass, of course, upon any suggestion that has been made as to the advisability or the propriety of making any change whatever in this decree. We did not hear any evidence upon that question, and it is not adjudicated.

*J. E. Pilliod*, for Plaintiff in Error.

*Kinney & Newton*, for Defendants in Error